Gustavo T. Villanueva (PROSE)
1301 Cougar Creek Drive
Patterson, California 95363
U.S.A.
(408) 655-8990

Plaintiff

Filed
NOV 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

Gustavo T. Villanueva,
    Plaintiff,

v.

Condoleezza Rice as Secretary of the
United States Department of State,
Maura Harty,
Consuelo Pachon and
Kevin Lewis Spriggs
    Defendants.

CASE NO: C07 05721 PVT

REQUEST FOR APPOINTMENT OF COUNCEL; DECLARATION IN SUPPORT OF REQUEST

Plaintiff, GUSTAVO T. VILLANUEVA, Pro Se, pursuant to Title 28 U.S.C. §1915(e)(1) and 42 U.S.C. §1981(a) and his status as a Pro Se Litigant in an Action for Declaratory Judgment to Establish U.S. Citizenship filed in this Court against the Defendants, requests this Court to appoint counsel to represent him in this case for the following reasons:

1. Plaintiff has alleged facts under which a meritorious claim(s) might be proved and The Court Of Appeals of the Ninth Circuit ordered the Plaintiff that jurisdiction to file the Action against Defendants had to be filed in the District Court.

2. On August 24, 2007, Circuit Judges Rymer, M.Smith and N.R. Smith from the Court of Appeals of the Ninth Circuit, issued an order to grant Respondent's motion to dismiss Petitioner's Petition for Review for lack of jurisdictional matter. However, the Circuit Judges ordered

- 1 -

that jurisdiction on this matter lied on the District Court under provisions established in 8U.S.C.1503(a) (an action challenging the denial of a passport on the ground that the petitioner is not a United States citizen shall be filed in the district court).

3. Plaintiff is not able to afford counsel but is able to pay for the filing fees. Plaintiff has already spent more money than what he can afford in relation to his case. Plaintiff alleges that he should not spent his "last dollar . . . and thus make [himself] wholly destitute" (See <u>ADKINS v. DUPONT</u>, 335 U.S. 331 at 339, 69 S.Ct. 85 (1948)) in order to make sure that equal legal representation is imparted.

4. The issues involved in this case are complex as they involve questioning the constitutionality of a federal regulation, questioning the administrative process regarding the standards of proof, findings of fact and admissibility of evidence when implementing 22C.F.R.51.43. The Plaintiff fears that if he is not properly represented, he may lose his identity and his freedom in this country.

5. The plaintiff is not a lawyer and does not know all the technical procedures that are required to make a fair representation in his case. *"it is recommended that all Pro Se Litigants seek appointment of counsel. [Counsel can] explain the applicable legal principles to the complainant and . . . limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendant."* (See <u>WRIGHT vs. DALLAS COUNTY SHERIFF'S DEPT.</u>, 660 F.2d 623 (5th Cir. 1981)).

6. In general, Plaintiff has limited knowledge of the law. Plaintiff will be unable to represent himself in the same equal and fair manner as Defendants will be represented. Plaintiff believes that it would not be in the best interest of justice if Plaintiff represents himself while Defendants will be represented by a team of top lawyers from the Department of Justice who have better access to evidence and are well familiar with the court system.

7. In support of this request, the Plaintiff provides the following information:

8.  (a)  Plaintiff is currently employed at National Security Technologies, LLC (DBA NSTec), and the United States Navy earning a combined gross annual income of $91,914.00 or a combined net annual income of $63,343.00.

9.  (b)  Plaintiff pays yearly expenses of approximately $63,471.00.

10. (c)  Plaintiff is expecting to receive a tax return of around $2,000.00.

| **INCOME** | MONTLY | | YEARLY | |
|---|---|---|---|---|
| EMPLOYER | GROSS | NET | GROSS | NET |
| National Security Technologies, LLC (DBA NSTec) | $7,166.67 | $4,647.80 | $86,000.00 | $60,421.40 |
| Unites States Navy | $492.83 | $243.48 | $5,914.00 | $2,921.76 |
| **TOTAL** | **$7,659.50** | **$4,891.28** | **$91,914.00** | **$63,343.16** |

| **EXPENSES** | MONTH | YEAR |
|---|---|---|
| Mortgage (Home, Insurance and Property Taxes) | $3,678.80 | $44,145.60 |
| Automobile | $542.54 | $6,510.48 |
| Scutter | $220.80 | $2,649.60 |
| Utilities (Gas, Electricity, etc.) | $189.00 | $2,268.00 |
| Cellphone | $96.79 | $1,161.48 |
| Automobile Insurance | | $1,600.00 |
| Food | $224.00 | $2,688.00 |
| Gas | $204.00 | $2,448.00 |
| **TOTAL** | **$5,155.93** | **$63,471.16** |

| **BANK ACCOUNT** | |
|---|---|
| SAVINGS | $ 6,373.00 |
| CHECKING | $  100.00 |
| VISA | $ 3,754.00 |

11. Employer verification.

> National Security Technologies, LLC (DBA NSTec)
> PO BOX 98521
> Las Vegas, NV 89123-8521
>
> United States Navy
> 1240 East Ninth Street
> Cleveland, OH 44199-2055

12. WHEREFORE, this Plaintiff requests this court to grant his request and appoint him councel in this case.

13. I, the Plaintiff, GUSTAVO T. VILLANUEVA, declare under the penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

*[signature]*

Gustavo T. Villanueva
1301 Cougar Creek Drive
Patterson, CA 95363

657 Gridley Street
San Jose, CA 95127

DATED:8NOV2007