UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUSTAVO VILLANUEVA,<br><br>     Plaintiff,<br><br>v.<br><br>CONDOLEEZA RICE, AS SECRETARY OF THE UNITED STATES DEPARTMENT OF STATE ET AL.,<br><br>     Defendants. | Case No.: C- 07-5721  PVT<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL** |

A court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). [1] However, the statute does not authorize courts to *require* counsel to represent litigants proceeding in *forma pauperis*, but only to *request* such representation on a *pro bono* basis. *Mallard v. United States District Court*, 490 U.S. 296, 304-07 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1089, 1093 (9th Cir. 1980).[2]  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 133.

In this case, Plaintiff has not requested to proceed *in forma pauperis*.  Indeed, his income level of almost $100,000 per year precludes him from obtaining that status.  Section 1915(e) applies only to litigants proceeding *in forma pauperis*.  Moreover, Plaintiff's extensive complaint indicates that he is capable of sufficiently articulating his claims.  Accordingly, the request for appointment of counsel under 28 U.S.C. § 1915(e)(1) is DENIED.

Plaintiff also moves for appointment of counsel under 42 U.S.C. § 1981 (a), which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Plaintiff does not appear to assert a claim under Section 1981(a).  Additionally, Section 1981(a) does not appear to provide for appointment of counsel.

Title VII provides for appointment of counsel: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security." 42 U.S.C. § 2000e-5(f)(1).  Plaintiff, however, has not stated a claim under Title VII and the Court cannot appoint counsel under Title VII absent a valid claim.

Finally, even if the Court evaluated Plaintiff's claims under Title VII's standards for appointment of counsel, Plaintiff would still not be entitled to the appointment of counsel.

---

[1] At the time the Ninth Circuit decided *Wilborn* and *Aldabe*, the provision addressing appointment of counsel under the federal IFP statute was section 1915(d).  The Prison Litigation Reform Act, Pub. L. No. 104-135, 110 Stat. 1321 (1996) (hereinafter "PLRA"), subsequently redesignated section 1915(d) as section 1915(e).  There is no indication in the case law that the PLRA modified the "exceptional circumstances" standard.

1  When determining whether to appoint counsel under section 2000e-5(f)(1), a court is required to
2  assess three factors: (1) the plaintiff's financial resources; (2) the plaintiff's efforts to secure
3  counsel; and (3) the meritoriousness of plaintiff's claim.  *Bradshaw v. Zoological Society of San*
4  *Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).   Here, Plaintiff has demonstrated neither that he
5  lacks to resources to secure counsel nor any efforts to secure counsel.  Accordingly, even if the
6  court were to apply the standards of appointment under Title VII, Plaintiff would not qualify.
7        For the foregoing reasons,  IT IS HEREBY ORDERED that Plaintiff's Motion for
8  Appointment of Counsel is Denied.

Dated: December  6,      2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1 | copies mailed on   12/7/07            to:

2 | Plaintiff (Pro Se)

3 | Gustavo T Villanueva
   | 1301 Cougar Creek Drive
4 | Patterson, CA 95363

                                              /s/ Carolyn Frantz for
                                              CORINNE LEW
                                              Courtroom Deputy

ORDER, *page 4*