IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Gustavo Villanueva,<br><br>          Plaintiff,<br>   v.<br><br>Condoleeza Rice, et al.,<br><br>          Defendants.<br>                                                            / | NO. C 07-05721 JW<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO RECONSIDER DENIAL OF DEFAULT JUDGMENT; SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT** |

Gustavo Villanueva ("Plaintiff") brings this action against officers of the United States Department of State[1] for a judgment declaring him a national of the United States, pursuant to 8 U.S.C. § 1503(a). On February 14, 2008, the Court denied Plaintiff's motion for default judgment because Plaintiff had not properly sought entry of default. (See Docket Item No. 29.) Plaintiff subsequently sought and obtained entry of default. (See Docket Item No. 31.) Before the Court is Plaintiff's Request to Reconsider Denial of Default Judgment. (hereafter, "Motion," Docket Item No. 33.)

The Court first considers whether default was properly entered. Default may be entered against a party who fails to plead or defend as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). "The United States, an agency of the United States, or an officer or employee

---

[1] The named Defendants are Condoleeza Rice, Secretary of State, Maura Harty, Assistant Secretary of State for the Bureau of Consular Affairs, Consuelo Pachon, Legal Advisor to the Department of State's Passport Office, and Kevin Lewis Spriggs, a Passport Officer working for the Department of State's Special Issuance Agency.

of the United States sued in an official capacity, shall serve an answer to the complaint...within 60 days after the United States attorney is served with the pleading asserting the claim." Fed. R. Civ. P. 12(a)(3)(A). Service of process on the United States, its agencies, corporations, officers, or employees is governed by Federal Rule of Civil Procedure 4(i). To serve these parties, a plaintiff must:

1)  deliver a copy of the Summons and Complaint to the United States Attorney for this district or send a copy of the Summons and Complaint by registered or certified mail addressed to the civil process clerk at the office of the Untied States Attorney; and

2)  send a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

See Fed. R. Civ. P. 4(i)(1)(A)(B), 2(A)(B). The service requirements are conjunctive.

Plaintiff filed a certificate of service stating that he mailed a copy of the Summons and the Complaint to the United States Attorney and to the United States Attorney General on December 17, 2008.[2] (See Docket Item No. 17.) Therefore, Defendants' answer was due by February 15, 2008. On February 11, 2008, Defendants filed a motion to dismiss. (See Docket Item No. 24.) Thus, the Clerk's entry of default was in error.

Rule 55(c) states in relevant part, "For good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). The court may set aside entries of default *sua sponte*. Unlike Rule 60(b) of Fed. R. Civ. P. which provides that a court may relieve a party from a final default judgment "on motion," Rule 55(c) requires only "good cause showing." The Ninth Circuit sets forth a three-factor test to determine if "good cause" exists: (1) whether defendant's culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). The

---

[2] Plaintiff had previously served the various parties and the United States Attorney on November 13, 2008 and again on November 26, 2008. (See Docket Item Nos. 12-16.) However, Plaintiff did not serve the United States Attorney General, as required under Fed. R. Civ. P. 4(i), until December 17, 2008.

Falk test is disjunctive; thus, the court may refuse to set aside default based upon any of the factors. Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108-09 (9th Cir. 2000).

The Court finds that none of the Falk factors apply to this case. The default was not caused by Defendants' culpable conduct, but rather, Plaintiff's failure to properly serve Defendants pursuant to Rule 4 of Fed. R. Civ. P. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of his motion for default judgment. The default entered on February 21, 2008 by the Clerk is hereby set aside.

Dated:  March 13, 2008

JAMES WARE  
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Claire T. Cormier claire.cormier@usdoj.gov

Gustavo T Villanueva
1301 Cougar Creek Drive
Patterson, CA 95363

**Dated: March 13, 2008**                               **Richard W. Wieking, Clerk**

                                         **By:  /s/ JW Chambers**
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**

United States District Court
For the Northern District of California